ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| CARLOS ROMÁN GONZÁLEZ  Peticionario  v.  WILSON VALENTÍN ACEVEDO  Recurrido | **KLCE202301456** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Aguadilla  Civil Núm.: AGL28422023-03818  Sobre: Orden de Protección Ley 284-1999 |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 31 de enero de 2024.

Comparece Carlos Román González (en adelante Carlos Román o peticionario) mediante *Certiorari* presentado el 26 de diciembre de 2023 en el que nos solicita que revoquemos la *Resolución* dictada el 29 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, foro primario). En síntesis, Carlos Román sostiene que el foro primario denegó una Orden de Protección al amparo de la Ley Contra el Acecho en Puerto Rico, Ley Núm. 284 de 21 de agosto de 1999, según enmendada, 33 LPRA § 4013 *et seq.* (en adelante, Ley núm. 284-1999) bajo el fundamento de que no existían todos los elementos necesarios para su expedición.

Por los fundamentos expuestos a continuación **DENEGAMOS** el recurso de *Certiorari* solicitado.

-I-

Surge de los documentos presentados junto al recurso de epígrafe que, el 1 de noviembre de 2023,

Carlos Román presentó contra Wilson Valentín Acevedo (en adelante, Wilson Valentín o peticionado) una *Petición de Orden de Protección al amparo de la Ley Contra el Acecho en Puerto Rico.*[1] En dicha petición, Carlos Román informó que había sido acechado durante tres momentos distintos: (a) el 1 de octubre de 2023, mediante mensaje de texto insultante; (b) el 16 octubre de 2023, en el Tribunal de Primera Instancia de San Sebastián; y, (c) el 27 de octubre de 2023, en el restaurante Huellas by Capriccio localizado en Aguadilla.

Evaluada la referida petición, el 1 noviembre de 2023, el foro primario expidió una *Orden de Protección Ex Parte al Amparo de la Ley Contra el Acecho en Puerto Rico.*[2] Posteriormente, el 11 de noviembre de 2023, el foro primario expidió una *Orden de Citación*[3] contra Wilson Valentín para que compareciera el 13 de noviembre de 2023 a prestar declaración sobre los hechos.

Se celebró la vista final de certificación de Orden de Protección el 29 de noviembre de 2023 con la comparecencia de ambas partes y sus respectivas representaciones legales. Durante el desfile de prueba se presentaron los siguientes testigos: el peticionario, Felipe Barreto Bosques, el Peticionado y el Lcdo. Reinaldo Franqui Carlo.

El primer testimonio del peticionario fue Carlos Román.[4] En lo aquí pertinente, el peticionario expresó que había tenido una relación de negocio con Wilson

---

[1] Protección al amparo de la Ley Contra el Acecho en Puerto Rico, anejo IV, págs. 11-14 del Apéndice del Certiorari del Peticionario.
[2] Orden de Protección Ex Parte al Amparo de la Ley Contra el Acecho en Puerto Rico, anejo III, págs. 4-9 del Apéndice del Certiorari del Peticionario.
[3] Orden de Citación, anejo IV, pág. 10 del Apéndice del Certiorari del Peticionario.
[4] Regrabación de vista, anejo II, pág. 3 del Apéndice del Certiorari del Peticionario.

Valentín y que había sido acechado en tres ocasiones por este último. La primera ocasión fue el 1 de octubre de 2023 cuando recibió un mensaje de texto del peticionado que leía: "Que malo eres, tú sabes lo que es el Karma, ya las estas pagando con el dolor de espalda". La segunda ocasión fue el 16 de octubre de 2023 cuando se encontraba en el Tribunal de Primera Instancia de San Sebastián para acompañar a su antiguo empleado, Felipe Barreto Bosques, quien estaba siendo demandado por Wilson Valentín y este último al verlo entrar a la sala dijo: "ahí llegó este cabrón". Además, declaró que una vez finalizada la vista se dirigió al área de estacionamiento y allí realizó un acercamiento al Lcdo. Reinaldo Franqui Carlo -por conocerlo de toda la vida y ser la representación legal de Wilson Valentín- para mostrarle el mensaje de texto del 1 de octubre de 2023 y este le indicó que se encargaría de eso. La tercera ocasión fue el 27 de octubre de 2023 cuando se encontraba en una reunión de negocio en el restaurante *Huellas by Capriccio* ubicado en Aguadilla. Allí vio llegar a Wilson Valentín y decidió pedir la cuenta para irse del lugar con el fin de evitar problemas. No obstante, el peticionario declaró que, al salir del restaurante en dirección hacia el estacionamiento, Wilson Valentín lo siguió y gritó: "tú eres guapo" con una copa de vino en la mano izquierda y con la mano derecha agitaba gritando "ven si tú eres guapo, ven, pero ven, no eres guapo ahora, ven".

El segundo testimonio fue Felipe Barreto Bosques presentado por el peticionario.[5] Este declaró que el 16

---

[5] Regrabación de vista, anejo II, pág. 3 del Apéndice del Certiorari del Peticionario.

de octubre de 2023 se encontraba en el Tribunal de Primera Instancia de San Sebastián en compañía de su esposa, su hijo y un amigo. Añadió que allí se encontraba presente Wilson Valentín quien al ver llegar a Carlos Román dijo: "ahí viene el cabrón ese".

En el desfile de prueba del peticionado, el primer testigo fue Wilson Valentín quien declaró conocer al peticionario por asuntos negocios donde este le ha fallado.[6] Además, declaró que, el 16 de octubre de 2023 en el Tribunal de Primera Instancia de San Sebastián, no había pasado nada, que nunca salió de la silla y que el nunca habla malo. Wilson Valentín, continúo explicando que el 27 de octubre de 2023 llegó al restaurante Huellas by Capriccio en Aguadilla en el cual estaba Carlos Román acompañado por otras personas. Luego, declaró que Carlos Román y compañía se retiraron del local y que, un tiempo después, el decide salir a su vez para verificar si su amigo había llegado. No obstante, explicó que al dirigirse hacia el estacionamiento del restaurante vio a Carlos Román conduciendo en su carro y este último le sacó el dedo.

El último testigo del peticionado fue Lcdo. Reinaldo Franqui Carlo.[7] Este sostuvo que era el abogado que estaba atendiendo el caso de Wilson Valentín en el Tribunal de Primera Instancia de San Sebastián. Asimismo, declaró que, al dirigirse al estacionamiento del referido foro, Carlos Román se detuvo en su vehículo para saludarlo, le mostró el celular y le solicitó que hablara con Wilson Valentín para que no enviara ningún

---

[6] Regrabación de vista, anejo II, pág. 3 del Apéndice del Certiorari del Peticionario.
[7] Regrabación de vista, anejo II, pág. 3 del Apéndice del Certiorari del Peticionario.

otro mensaje.  Añadió el licenciado que conoce a Carlos Román y a Wilson Valentín desde hace muchos años.  En relación con los hechos del día 27 de octubre de 2023 en el restaurante Huellas by Capriccio, declaró que Wilson Valentín le informó que no había ocurrido nada y que le había sacado el dedo a Carlos Román.

Así las cosas, el 29 de noviembre de 2023, el Tribunal de Primera Instancia emitió una *Resolución*[8] denegando la Orden de Protección solicitada bajo el fundamento de que no existían los elementos para expedir la misma.

Inconforme, Carlos Román sometió el recurso de epígrafe mediante el cual sostuvo el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE AGUADILLA AL DENEGAR LA ORDEN DE PROTECCIÓN OP AGL2842023-03818 AL AMPARO DE LA LEY 284-1999 SOLICITADA POR EL SR. CARLOS ROMÁN GONZÁLEZ A PESAR DE NO EXISTIR (SIC) TODOS LOS ELEMENTOS NECESARIOS PARA LA EXPEDICIÓN DE ESTA.

Luego de examinar el expediente ante nos, incluyendo los escritos de ambas partes con sus respectivos anejos, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición.

-II-

El recurso de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de menor jerarquía. *800 Ponce de León v. AIG*, 205 DPR 163, 189 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).  Este foro intermedio tiene la

---

[8] Resolución, anejo I, págs. 1-2 del Apéndice del Certiorari del Peticionario.

facultad para expedir el auto de *certiorari* de manera discrecional. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos considerar. Estos son los siguientes:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si, al menos, uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se

requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado.

-III-

En virtud del único señalamiento de error formulado, el peticionario adujo que el foro primario erró al denegar una Orden de Protección al amparo de Ley Núm. 284-1999 bajo el fundamento de que no existían todos los elementos necesarios para su expedición.

Sin embargo, luego de evaluar el recurso de epígrafe, a la luz de la totalidad del expediente y en consideración a los criterios que emanan de nuestra Regla 40, *supra*, resolvemos denegar el auto discrecional solicitado. Ello, principalmente debido a que, no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento y, por lo tanto, no hay razón para que proceda nuestra intervención.

Es norma reiterada que los foros apelativos no deben intervenir con las determinaciones de hechos que hace un Tribunal de Primera Instancia. Es dicho foro quien tiene la oportunidad de observar a las personas declarar y apreciar su "demeanor" o comportamiento no verbal y a base de ello adjudicar credibilidad a los testimonios. Por ello, sólo se justifica nuestra intervención cuando surja que el juzgador de los hechos actuó con pasión, prejuicio, parcialidad o haya incurrido en un error manifiesto al aquilatar la prueba.

En ese sentido, debemos partir de la premisa de que el foro primario adjudicó la pertinencia y el valor probatorio que la prueba merecía, una vez esta le fue presentada. Recalcamos que no nos corresponde ejercer

nuestra jurisdicción revisora en este procedimiento. Procede denegar el auto discrecional solicitado.

-**IV**-

Por todo lo antes expuesto, se **DENIEGA** la expedición del auto de *Certiorari.*

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones